UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
LUIS OSCAR REYES-DILONE,            :    12 Civ. 3902 (LAP)
a/k/a "Eliud Lopez-Rivera,"         :    08 Crim. 351 (LAP)
                                    :
            Plaintiff,              :    Memorandum and Order
                                    :
      - v. -                        :
                                    :
UNITED STATES OF AMERICA,           :
                                    :
            Defendant.              :
                                    :
------------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

        Plaintiff Luis Oscar Reyes-Dilone, a/k/a "Eliud Lopez-

Rivera ("Plaintiff"), appearing pro se, has moved pursuant to

Federal Rule of Criminal Procedure 41(g) for the return of

personal property ("Plaintiff's Motion") [dkt. no. 1], which he

claims to have been seized on April 25, 2008, in connection with

the underlying criminal case of United States v. Dilone, No. 08

Crim. 351 (LAP).  (See Pl.'s Mot., at 2.)  For the reasons

below, Plaintiff's motion is granted, in part.

                            BACKGROUND

        On April 25, 2008, Plaintiff was arrested by special agents

of the Department of Homeland Security, Immigration and Customs

Enforcement ("ICE") after agents observed him drive away from a

narcotics stash house.  (See Response of the U.S. to Luis Oscar

Reyes Dilone's Mot. for the Return of Prop. ("Gov't Brief")

1

[dkt. no. 8], at 1; see also Pl.'s Mot., at 2.)  According to
Plaintiff, "federal authorities [then] took from [his] person[]
certain items of property as well as United States [c]urrency in
the amount of $2,200."  (Pl.'s Mot., at 2.)  The Government
represents that "more than $40,000 in cash and several cellular
telephones" were recovered from Plaintiff's car.  (Gov't. Br.,
at 1.)  Additionally, agents executed search warrants at three
separate apartments used by Plaintiff and seized various other
items, (id.; Gov't Br., at 1), including "approximately six
kilograms of cocaine, two kilograms of heroin, drug packaging
materials, two firearms . . . , ammunition, a handgun clip, and
more than $50,000 in case," (Gov't. Br., at 1-2).  In addition
to the various items of contraband, Plaintiff claims that
"certain items of personal property which were legally owned by
[him]" were also seized from his residences (see Pl.'s Mot., at
2).[1]

        On June 25, 2008, an indictment was filed against Plaintiff
and four co-defendants, charging them with intent to distribute
drugs, in violation of 21 U.S.C. §§ 812, 841(a)(1),
841(b)(1)(A), and 846.  (Gov't Br., at 2.)  Plaintiff
subsequently pleaded guilty to the indictment and was sentenced

---

[1] Plaintiff does not specify in his initial filing what any of
these items is.

to 150 months' imprisonment, to be followed by five years of supervised release. (Id.) On September 11, 2009, an Order of Forfeiture also was entered against Plaintiff in the amount of $100,000. See Order of Forfeiture, United States v. Reyes Dilone, No. 08 Crim. 351 [dkt. no. 56].

Among the non-contraband items of Plaintiff's still in the Government's possession are a belt and shoelaces, keys, cell phones and chargers, a computer hard drive, video surveillance equipment, a chain, and a wallet.[2] (Gov't Br., at 3-4.) According to Plaintiff, the Government also is in possession of his "Hubolt" watch.[3] (Responsive Pleading to Gov't's Response ("Pl.'s Reply") [dkt. no. 6], at 1.)

Plaintiff filed the instant motion on May 14, 2012, in the related, now closed criminal matter. On June 5, 2012, this Court converted the motion into the instant civil action and ordered the Government to respond. (See [dkt. no. 4].) After being granted an extension of time to answer, the Government

---

[2] The Government informed the Court in its brief that it would return these items to Plaintiff through a designee (see Gov't. Br., at 3-4), but the Court is under the impression that the Government has yet to do so. (See Letter from Luis Oscar Reyes-Dilone to The Honorable Loretta A. Preska (Feb. 25, 2013) [dkt. no. 7].)

[3] Plaintiff's original motion contains no reference to this item, which is first mentioned in his reply to the Government's response. Even then, Plaintiff offers no description of the watch aside from the label "Hubolt," which the Court presumes is intended to reference the watch label "Hublot."

responded on July 23, 2012,[4] to which Plaintiff's reply was

docketed on September 5, 2012 [dkt. no. 6].

DISCUSSION

In relevant part, Federal Rules of Criminal Procedure Rule

41(g) provides:

> "A person aggrieved by an unlawful search and seizure
> of property or by the deprivation of property may move
> for the property's return.  The motion must be filed
> in the district where the property was seized.  The
> court must receive evidence on any factual issue
> necessary to decide the motion. If it grants the
> motion, the court must return the property to the
> movant . . . ."

Fed. R. Crim. P. 41(g).  Because the criminal proceedings

against the defendant have terminated, such a motion is treated

as a civil complaint for equitable relief.  Rufu v. United

States, 20 F.3d 63, 65 (2d Cir. 1994).  This Court has

jurisdiction of the instant matter pursuant to the established

principle that "[t]he district court where a defendant is tried

---

[4] Due to a docketing error when attempting to file its response
on July 23, 2012, the Government recently re-filed its response
so that it appears properly on the docket.  The Government's
error appears not to have prejudiced the claimant as Plaintiff
was served and subsequently filed a reply thereto.  To the
extent Plaintiff's reply was untimely, the Court notes the
Government's own error in filing a response and has accepted
Plaintiff's reply for consideration, in the interests of
justice.

has ancillary jurisdiction to decide the defendant's post-trial motion for return of seized property."  <u>Id.</u>[5]

A person whose non-contraband property has been seized "is presumptively entitled to the return of his property once it is no longer needed as evidence."  <u>Lavin v. United States</u>, 299 F.3d 123, 127 (2d Cir. 2002).  Additionally, the Court presumes the Government keeps records of the property it seizes and stores. <u>Rufu</u>, 20 F.3d at 65.  However, aside from identifying seven categories of non-contraband items in its possession, the Government has not offered any accounting of the items seized from Plaintiff, has not submitted any documentation that these

---

[5] The 2002 amendments to Rule 41 reworded and renumbered the substance of Rule 41(e) as 41(g). <u>See</u> <u>Gonzalez v. United States</u>, No. 01 Civ. 10095, 2003 WL 1213172, at *1.  The Government notes that Rule 41(g) states that a motion for return of personal property "<u>must</u> be filed in the district where the property was seized" and that Plaintiff's property was seized in the Eastern District of New York.  (Gov't Br., at 3.)  While the prior iteration of Rule 41 had no such requirement, the Advisory Committee Notes to the 2002 amendments make clear that those amendments did not enact any substantive changes, merely stylistic ones except as specifically noted.  <u>Gonzalez</u>, 2003 WL 1213172, at *1 n.1.  Thus, in the absence of contrary instruction from the Court of Appeals, courts in this Circuit generally have continued to assert ancillary jurisdiction under circumstances such as those here.  <u>See, e.g.</u>, <u>Vitrano v. United States</u>, No. 06 Civ. 6518 (JGK), 2007 WL 2850498, at *1 (S.D.N.Y. Oct. 1, 2007); <u>Sanchez-Butriago v. United States</u>, No. 00 Civ. 8820 (JFK), 2003 WL 21649431, at *1-3 (S.D.N.Y. July 14, 2003). <u>But see</u> <u>Rogers v. United States</u>, No. 10 Civ. 1247 (NRB), 2010 WL 4968184, at *1 (S.D.N.Y. Nov. 30, 2010) (construing Rule 41(g) as forbidding jurisdiction because property had been seized in different district and underlying criminal matter had been terminated).

items have since been returned to Plaintiff via Plaintiff's designee, or submitted any documentation to verify that all the money seized by ICE has been forfeited pursuant to the Order of Forfeiture, including that which was on his person at the time of arrest.  The Government does not contend that any of the non-contraband items in its possession is still required for evidentiary purposes.

This Court is required "to receive evidence on any factual issue necessary to decide" the present action.  Id.  In his reply to the Government's response, Plaintiff challenges the Government's accounting of the $2,200[6] and asserts that the Government also is in possession of his watch.  (Pl.'s Reply, at 1.)  The Government has not offered any documentation in support of its position with regards to any monies seized from Plaintiff.  The Government also has not offered any accounting of the property seized, in general.  The Court is, thus, unable to resolve the entirety of this matter without further submissions from the parties.

Therefore, the Court grants Plaintiff's request for the return of his property insofar as those items enumerated in the Government's response and to which the Government has stated no

---

[6] Plaintiff's original filing specified the amount as $2,200, but his reply stated $2,000.  (Compare Pl.'s Mot., at 2, with Pl.'s Reply, at 1.)

objection to returning but has yet to return.  The Government
shall return these items to Plaintiff via the designee
identified in Plaintiff's Reply.  The Government shall also
provide an accounting of any other items of Plaintiff's that it
seized and that are not contraband and return said other items,
to the extent that they exist.  Furthermore, the Government is
ordered to respond to Plaintiff's claim that the Government
remains in possession of his watch and that certain monies
seized from his person were not subject to forfeiture.  To the
extent the Government ever was in possession of such items, the
Government shall offer evidence concerning the disposition of
said property.

CONCLUSION

Plaintiff's motion for the return of personal property
[dkt. no. 1] is hereby granted, in part.  The Government shall
return Plaintiff's (1) belt and shoelaces, (2) keys, (3) cell
phones and chargers, (4) computer hard drive, (5) video
surveillance equipment, (6) chain, and (7) wallet to Plaintiff
via the designee identified in Plaintiff's Reply.  Additionally,
the Government is ordered to respond to Plaintiff's claim that
the Government is also in possession of his watch and that
certain monies seized from his person were not subject to
forfeiture.  To the extent the Government ever was in possession

of such items, the Government shall provide the Court with evidence concerning the disposition of said property.[7]

SO ORDERED.

Dated:    New York, New York
          March _25_, 2013

*Loretta A. Preska*

LORETTA A. PRESKA
Chief United States District Judge

---

[7] Given that the substance of this Order provides Plaintiff with the relief for which he seeks in his most recent motion on letter [dkt. no. 7], the Clerk of the Court shall mark that motion denied as moot.